## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-2921-SKC-TPO

KRISTA STANSBURY,[1]

      Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

      Defendant.

---

## RECOMMENDATION

---

**Entered by Timothy P. O'Hara, United States Magistrate Judge.**

      Before the Court is Plaintiff's Motion to Compel Defendant to Pay for Claims [ECF 58], Defendant's Motion for Summary Judgment [ECF 61], and Defendant's Motion to Exclude or Limit Certain Opinions of Dean Stansbury Pursuant to Fed. R. Evid. 702 [ECF 62]. The Court received briefing from the Parties on two of the three Motions.[2] The Court finds that oral argument will not materially assist in issuing this Recommendation. For the reasons stated herein, the Court recommends that Defendant's Motion for Summary Judgment [ECF 61] and Motion to Exclude [ECF 62] be **granted** and Plaintiff's Motion to Compel [ECF 58] be **denied**.

## <u>FACTUAL BACKGROUND</u>

      On May 7, 2023, the engine of Ms. Krista Stansbury's 2016 Acura MDX "stopped with an audible explosion" while she was driving on State Highway 2 in Colorado. ECF 5 ¶¶ 7-8. The

---

[1] Initially, Mr. Dean Stansbury was a party to this lawsuit. *See* ECF 5. However, on February 21, 2025, District Judge S. Kato Crews granted Defendant's Motion for Summary Judgment [ECF 45] and dismissed with prejudice all claims asserted by Mr. Stansbury. ECF 75.

[2] Plaintiff did not respond to Defendant's Motion to Exclude [ECF 62].

interior of the vehicle filled with "thick black smoke." *Id.* ¶ 8. Ms. Stansbury, Plaintiff, had the vehicle towed to a local garage where "a large irregular hole was observed in the bottom engine block area." *Id.* ¶ 9. Then, on May 15, 2023, Plaintiff "had the vehicle transported to 11921 S. Ridge Rd. Conifer, Co[3] for complete evaluation for cause of damage." *Id.* ¶ 10. Plaintiff submitted a claim to her insurance carrier, the Defendant, State Farm Mutual Automobile Insurance Company and submitted photographs at various times. *Id.* ¶¶ 11-12, 15-17, 20.

On October 5, 2023, Plaintiff, together with her father, Mr. Dean Stansbury, filed a Complaint in Denver District Court. *See id.* Plaintiffs brought four claims: breach of contract, negligence, breach of duty of good faith and fair dealing, and breach of duty of accurate record and report under the Colorado Consumer Protection Act. *Id.* ¶¶ 31-49. On November 3, 2023, Defendant removed the matter to the U.S. District Court for the District of Colorado and filed its Answer. ECFs 1 & 2.

On June 21, 2024, Defendant filed its "Motion for Summary Judgment with Respect to Claims of Plaintiff Dean Stansbury Only." ECF 45. Defendant argued that "[t]here is no evidence that Mr. Stansbury had an ownership interest," nor was he a "named insured on the Policy of Insurance issued by State Farm for the Acura MDX." *Id.* ¶¶ 6-7. Plaintiffs objected to every part of Defendant's Motion, claiming that the Motion was "entirely without merit." ECF 50 at p. 3. Plaintiffs "dispute[d], disagree[d], and object[ed] to Defendant Counsel's statement Facts [sic], as omission of and/or misrepresentations of prior established material facts." ECF 50 at p. 2.

On September 3, 2024, U.S. Magistrate Judge N. Reid Neureiter issued a Recommendation granting the Defendant's Motion for Summary Judgment and dismissing Mr. Stansbury as a Plaintiff from the case. ECF 51 at p. 5. Magistrate Judge Neureiter noted that "Mr.

---

[3] This Court notes that this is Dean Stansbury's address. *See* ECF 62-1 at p. 2.

Stansbury takes issue with certain assertions but provides no admissible evidence, either in the form of affidavits or other documents, to show that he had an ownership or financial interest in the damaged vehicle on May 7, 2023." On February 21, 2025, District Judge Crews adopted Magistrate Judge Neureiter's Recommendation in its entirety, and all of Mr. Dean Stansbury's claims were dismissed with prejudice. ECF 75.

## DEFENDANT'S MOTION TO EXCLUDE OR LIMIT CERTAIN OPINIONS OF DEAN STANSBURY PURSUANT TO FED. R. EVID. 702 [ECF 62]

Defendant now brings a motion to exclude or limit the opinions of Mr. Dean Stansbury in the role of Plaintiff's Expert Witness.[4] ECF 62. This is the second iteration of Mr. Stansbury's expert witness report, and it was produced to Defendant through Plaintiff's Motion to Compel Defendant to Pay for Claims [ECF 58], which was filed on November 18, 2024. In the body of the Motion to Compel, Plaintiff states:

> Plaintiffs' Expert opinion is that the evidence demonstrates the cause of the damage to the subject vehicle was **unintentional** (accidental) that it occurred **instantaneously** (sudden) and that the damage is **correlated** to the reported incident (direct). Plaintiffs' Expert Witness retracted the cause as "Vandalism," as there is insufficient direct evidence to support this as a cause.

ECF 58 at p. 3 (emphasis in original). There, Mr. Stansbury also asserts a new opinion on causation: some "external force" such as road debris caused the damage to the vehicle's engine. ECF 58 at pp. 3-4 ("Plaintiff's Expert Witness also states that the photograph (Exhibit 6) of the damaged oil pan and transmission demonstrates external forces from road debris is the probable cause of the damage."). In support of this new opinion, Plaintiff attaches Exhibit 6. That Exhibit

---

[4] The Court presumes that the expert witness is Mr. Stansbury although the "Final Technical Evaluation and Inspection Report on 2016 Acura MDX" [ECF 58-3] is not signed and never identifies the individual making the opinions contained therein.

6, which is found in the record at pp. 8-11 of ECF 58-3, is identical to the initial May 9, 2024

report except that the last line is redacted.

This second disclosure contradicts Mr. Stansbury's prior opinion from May 9, 2024,[5]

which had concluded that the cause of the engine damage was vandalism. *Compare* ECF 58-3 *with*

ECF 62-2. Confusingly, in the new report, although abandoning vandalism as the cause of the

engine damage, Mr. Stansbury leaves in two paragraphs from the first report that clearly support a

conclusion of vandalism:

> The evidence indicates that a foreign material was introduced into the engine at a
> convenient port or location on the engine, most likely at the motor oil port. There
> are several common acquired foreign material [sic] that can cause an explosion,
> most likely a volatile fluid like alcohol, gasoline, lighter fluid, degreaser fluid, etc.
> The concentration of volatile fluids in gas phase in conjunction with heat of the
> engine as an ignition source in a closed system allowed the pressure to rapidly
> increase, which in turn exceeded the material limits at the thinnest part of the
> aluminum casting.
>
> Solid material like rocks, metal like nails, small fasteners etc could cause similar
> damage because there is very little clearance between moving parts and engine
> housing parts.

ECF 58-3 & ECF 62-2 at p. 4 (emphasis in original). The report does not state that any of the items

referenced were actually found in the engine or surrounding compartment.

Defendant objects to the most recent expert disclosure for two reasons. First, it was three

months late. ECF 62 at p. 5; *see* ECF 32 at p. 11 (Scheduling Order setting expert disclosure

deadlines).[6] Expert disclosures were due on August 5, 2024, but the disclosure was provided to

---

[5] This May 9, 2024 report was also referenced in Plaintiff's discovery responses as Plaintiff's
expert disclosure. *See* ECF 58-4 at p. 1 ("This report serves as Plaintiffs' F.R.C.P. 26(a)(2) Expert
Disclosures.").

[6] At the Scheduling Conference, Plaintiff did not anticipate hiring an Expert Witness. ECF 32 at
p. 10.

defense counsel on November 12, 2024, as part of a Motion to Compel.[7] Second, the Defendant argues that the disclosed opinions were not the "result of reliable principles and methods" as required by Fed. R. Evid. 702(d).  ECF 62 at pp. 6-8. Defendant argues that Plaintiff's disclosure is conclusory and fails to cite any methodology as to how Mr. Stansbury formed these opinions. *Id.* at p. 7.

Notably, Plaintiff did not respond to Defendant's Motion to Exclude.

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF 61]

Defendant also moves for summary judgment on all claims under Fed. R. Civ. P. 56. ECF 61. In compliance with the portion of District Judge Crews' Standing Order relating to Summary Judgment (Section (C)(4)), Defendant includes a list of Undisputed Material Facts in the Motion as well as a table of those facts attached to the Motion. *Id.* at pp. 3-6; ECF 61-1. For the first and third claims, relating to breach of contract and statutory bad faith, Defendant seeks dismissal because Plaintiff has no "admissible evidence to satisfy the necessary elements of [her] claim for insurance benefits: [she] cannot prove that the subject vehicle was damaged by a covered loss." ECF 61 at p. 2. In support, Defendant cites to portions of the insurance policy binding the Parties:

> THERE IS NO COVERAGE FOR: 13) ANY PART OR EQUIPMENT OF A COVERED VEHICLE IF THAT PART OF EQUIPMENT: a. FAILS OR IS DEFECTIVE; OR b. IS DAMAGED AS A DIRECT RESULT OF: (1) WEAR AND TEAR . . . (3) MECHANICAL, ELECTRICAL OR ELECTRONIC BREAKDOWN OR MALFUNCTION OF THAT PART OR EQUIPMENT.

*Id.* at pp. 3-4. For the second claim, one of negligence, Defendant argues that as Plaintiff's insurer, the only duty owed to Plaintiff was a contractual one. *Id.* at p. 11. Without a duty of care, any negligence claim must be dismissed. *Id.* Finally, for the last claim, one under the Colorado

---

[7] On November 4, 2024, also after the deadline had passed, defense counsel requested an extension of the deadline to make Rule 702 disclosures. ECF 53. That deadline was extended for Defendants.

Consumer Protection Act (CCPA), Defendant argues that Plaintiff failed to provide any evidence

of an unfair or deceptive trade practice that caused Plaintiff's injury. *Id.* at pp. 12-13.

In Plaintiff's Response, rather than providing a corresponding Statement of Undisputed

Material Facts[8] or objecting to specific facts alleged by Defendant, including the specific terms of

the insurance policy in effect at the time of the incident, Plaintiff responded with general objections

and conclusory disputes. ECF 65. By way of example, Plaintiff states the following in the

Response:

1) "Plaintiff[] disputes and disagrees with Defendant's Counsels entire Summary Dkt 61 p.2 as a misrepresentation of material fact and omission of material fact." *Id.* at p. 2.

2) "Plaintiff[] disputes and disagrees with Defendant's Counsels allegation and assertions in Undisputed Material Facts, Court Doc. 61 p.3 to 6 as a misrepresentation of material fact and omission of material fact." *Id.* at p. 3.

3) Plaintiff even contested defense counsel's Certification of A.I. usage as being "patently false" and Defendant's arguments as ranging "from total absurd to complete falsification with potential liability consequences." ECF 65 at pp. 2 & 8.

Plaintiff alleges that she "submitted copious evidence to the Defendant as to the technical cause of

damage to the subject vehicle and [that it] is a covered loss by the Defendant's policy definitions,"

*id*. at p. 4, yet no such information is included in the Response, either by way of mention in the

Response or as an attachment. In passing, Plaintiff references "Defendant's and Plaintiff['s] Expert

Witnesses," *id.*, yet Plaintiff never asserts the identity or opinions of any expert witness or how

---

[8] As noted in District Judge S. Kato Crews' "Standing Order for Civil Cases," a party "who contends a fact is 'disputed' must state, in the second column of the page directly opposite the fact in dispute, the nature of the dispute followed by a specific reference to material in the record that supports the position that the fact is controverted." Motions for Summary Judgment – Statement of Undisputed Material Facts (Section (C)(4)(c)).

that individual determined "that there was insufficient direct evidence to support" that vandalism caused the incident. *Id.* at p. 4.

## **PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PAY FOR CLAIMS [ECF 58]**

Plaintiff brought a Motion to Compel Defendant to Pay for Claims. ECF 58.[9] Plaintiff does not identify an applicable procedural rule or cite any case law to support the motion, only generally concluding, after listing each claim, that "all legal requirements of F. R. Civ. P. have been met." *Id.* at p. 5.

The Motion to Compel presents the following conclusory arguments and assertions:

- Regarding the Breach of Contract Claim (Claim One), Plaintiff asserts that the loss was covered under the policy because it was not subject to the exclusion for mechanical failure or lack of maintenance. In support, Plaintiff points to the expert opinion, *see* ECF 58-3, in which Mr. Dean Stansbury concludes that the "damaged oil pan and transmission demonstrates external forces from road debris" as the "probable cause of the damage." ECF 58 at pp. 3-4.

- Regarding the Negligence Claim (Claim Two), Plaintiff only identifies the elements for negligence and conclude that "all four elements . . . have been met and exceeded." *Id.* at p. 4. Plaintiff points to no evidence but refers to the Scheduling Order [ECF 32]. *Id.*

- Regarding the Third Claim for Breach of Duty of Good Faith and Fair Dealing (Claim Three), Plaintiff again concludes that the evidence establishes this. Plaintiff appears to conflate the tort elements of negligence with establishing a bad faith contract claim. Again, Plaintiff points to the Scheduling Order. *Id.*

- Regarding the Fourth Claim for Breach of Duty and Accurate Record and Reporting under the Colorado Consumer Protection Act (Claim Four), Plaintiff concludes that her evidence establishes that Defendant breached its "duty of accurate record keeping, report and subsequent omissions which has caused hardship for the Plaintiffs to meet their basic living needs." *Id.* Plaintiff refers only to the Scheduling Order.

---

[9] This Motion was filed by Krista Stansbury and Dean Stansbury before Judge Crews dismissed Mr. Stansbury with prejudice.

The Motion to Compel provides these statements to show that "Defendant has no arguable alternative defenses" and requests the Court to compel Defendant to pay the claim pursuant to the insurance policy. *Id.*

Plaintiff attached several documents to the Motion, including discovery responses, a cost estimate for the vehicle, and insurance policy information. *See generally* ECFs 58-1, 58-2, 58-3, and 58-4. Plaintiff also attached the new "Final Technical Evaluation and Inspection Report on 2016 Acura MDX." ECF 58-3 at pp. 8-11. Notably, in the Motion to Compel, Plaintiff concedes that the cause of the damage was not "vandalism." ECF 58 at p. 3. In this newer version of the report, as described above, Plaintiff removed the final sentence that "the evidence demonstrates that the vehicle was vandalized." *Compare* ECF 58-3 at p. 11 *with* ECF 62-2 at p. 4.

Essentially treating Plaintiff's Motion as a Motion for Summary Judgment, Defendant responds in a uniform way to each claim: Plaintiff has not provided sufficient evidence for the case to proceed. ECF 66. Defendant also restates the arguments made in the Motion for Summary Judgment [ECF 61]. *Id.*

In reply, Plaintiff, without pointing to any legal authority or specifically addressing any of Defendant's rebuttals, "disagree [sic], disputes, and objects to the entirety of Defendant's Counsel Analysis p. 1, as it is erroneous, is a misrepresentation of material fact and/or omission of material fact." ECF 67 ¶ 1.

## LEGAL STANDARDS

### I.    Fed. R. Civ. P. 26(a)(2) – Disclosure of Expert Testimony

Before reaching the substance of any non-retained expert opinion under Fed. R. Evid. 702, the Court must examine whether the expert's opinions were disclosed properly. First, a party must disclose the identity of any witness it intends to use at trial. Fed. R. Civ. P. 26(a)(2). The disclosure

requirements are different for retained experts than for non-retained experts. *See* Fed. R. Civ. P. 26(a)(2)(B) and 26(a)(2)(C). For non-retained experts, the disclosure must state "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii). "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

In the District of Colorado, for non-retained experts, courts traditionally employ a "burden-shifting analysis for determining whether the requirements of Rule 26(a)(2) have been satisfied." *Roof Rehab, LLC, v. Travelers Cas. Ins. Co. of Am.*, No. 20-cv-01863-RMR-NYW, 2021 WL 5579053, at *2 (D. Colo. Nov. 30, 2021) (citing *Morris v. Wells Fargo Bank, N.A.*, No. 09-cv-02160-CMA-KMT, 2010 WL 2501078, at *1 (D. Colo. June 17, 2010)). The moving party has the initial burden to show that the opposing party "failed to comply with Rule 26(a)(2)." *Id.* "If the moving party makes such a showing, the burden shifts to the disclosing party to demonstrate the sufficiency of the expert disclosures." *Id.*

While "there is scant case law outlining what constitutes a sufficient disclosure under Rule 26(a)(2)(C)," *Roof Rehab, LLC*, 2021 WL 5579053, at *2 (citation and internal quotation omitted), the disclosures must "obviate the danger of unfair surprise regarding the factual and opinion testimony of the non-retained expert." *Vanderlaan v. Ameriprise Auto and Home Insurance*, No. 20-cv-00191-PAB-STV, 2021 WL 4441518, at *6 (D. Colo. Sept. 2021) (citation omitted)). The disclosure should "summarize actual and specific opinions," and "provide a brief account that states the main points of the entirety of the anticipated testimony." *Chambers v. Fike*, No. 13-

9

1410-RDR, 2014 WL 3565481, at *7 (D. Kan. July 18, 2014) (citations and internal quotations omitted).[10]

 The sanction for a violation of Fed. R. Civ. P. 26(a)(2)(C) can be severe. As stated in Fed. R. Civ. P. 37(c)(1): "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

## II. Fed. R. Evid. 702 – Expert Opinions

 Fed. R. Evid. 702 "requires an expert's testimony to be both reliable, in that the witness is qualified to testify regarding the subject, and relevant, in that the testimony will assist the trier in determining a fact in issue." *Troudt v. Oracle Corp.*, 369 F. Supp. 3d 1134, 1137 (D. Colo. 2019) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589-92 (1993); *Truck Insurance Exchange v. MagneTek, Inc.*, 360 F.3d 1206, 1210 (10th Cir. 2004)). The court stands as a "gatekeeper," weighing expert opinions against the relevant standards. *Id.* (citing *Kumho Tire Company, Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999)). "An expert opinion is reliable when it is based on sufficient facts or data, employs a methodology generally deemed reliable in the

---

[10] By way of an example of the level of specificity that is required, in *Chambers*, the following disclosure was deemed *insufficient* under Rule 26(a)(2)(C):

> Dr. DeWitt was Mr. Chambers' general care physician. He is expected to testify regarding the general course of Mr. Chambers' medical care and treatment, including without limitation referrals made for care and treatment provided by others and the reasons for those referrals, the reasonableness and necessity of the care and treatment, and the reasonableness of charges for necessary care and treatment. Dr. DeWitt is also expected to testify concerning the nature and extent of Mr. Chambers' injuries, pain, suffering, and disability. All of his testimony is expected to be consistent with Mr. Chambers' medical records and bills already produced in this case and that will be supplemented as required.

2014 WL 3565481, at *7.

expert's field, and properly applies such methods to the facts of the case." *Id.* at 1138 (citing Fed. R. Evid. 702(b), (c), & (d); *United States v. Crabbe*, 556 F. Supp. 2d 1217, 1222-23 (D. Colo. 2008)). While "rejection of expert testimony is the exception rather than the rule," *United States v. Nacchio*, 519 F.3d 1140, 1154 (10th Cir. 2008) (quoting Fed. R. Evid. 702, 2000 Advisory Comm.'s Notes), "the trial court has broad discretion in determining whether expert testimony is sufficiently reliable and relevant to be admissible." *Id.* (citing *Truck Insurance Exchange*, 360 F.3d at 1210; *Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1243 (10th Cir. 2000)). In analyzing the admissibility of an expert's opinion, the Court must first determine whether the proffered expert is qualified and then determine whether the methodology employed was valid. *Sprague v. State Farm Fire and Casualty Company*, No. 23-cv-02523-SBP, 2025 WL 1712913, at *18 (D. Colo. Jun. 18, 2025) (citing *Roe v. FCA US LLC*, 42 F.4th 1175, 1180 (10th Cir. 2022)) (discussing the two step analysis courts must conduct in determining the admissibility of expert opinions).

### III.    Fed. R. Civ. P. 56(c) – Motion for Summary Judgment

A motion for summary judgment serves the purpose of testing whether a trial is required. *See Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). "Summary judgment is not a 'disfavored procedural shortcut.' Instead, it is an important procedure 'designed to secure the just, speedy and inexpensive determination of every action.'" *Evans v. Cawthorn*, No. 16-3095-DDC-ADM, 2019 WL 5787952, at *3 (D. Kan. Sept. 6, 2019) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)) (internal quotations omitted).

A court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if

it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial responsibility of providing the factual basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002) (citation omitted).

If the movant properly supports a motion for summary judgment, the non-moving party has the burden of showing there are issues of material fact to be determined. *Celotex*, 477 U.S. at 323. That is, the opposing party must assert a set of facts that, if found to be true, would enable it to prevail on the claim. To meet that burden, the opposing party may not rest on the allegations contained in the complaint but must respond with specific facts showing a genuine factual issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 247–48 ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." (emphasis in original)). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). In other words, the opposing party must do more than make a conclusory denial of an asserted material fact. Instead, it must provide an explanation for the denial with an accompanying specific reference to the evidentiary record. *See, e.g., American Auto. Ins. Co. v. Marlow*, 666 F. Supp. 2d 1209, 1212-13 (D. Colo. 2009) (deeming defendants' failure to admit or deny facts as admitted). If the parties

"tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version." *Pierson v. Bassett*, 534 F. App'x. 768, 771 (10th Cir. 2013) (quoting *Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1312 (10th Cir. 2009)).

"[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005) (citing *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998)).

In a case relating to insurance coverage, it is fair for the Court to analyze whether the Plaintiff was covered by the relevant insurance policy. *See Trujillo v. State Farm Mutual Automobile Insurance Co.*, No. 18-cv-0410-WJM-NRN, 2019 WL 3996882, at *6 (D. Colo. Aug. 23, 2019). "[L]ack of coverage is a defense to negate an element of [the plaintiff's] claim[]." *Id.* (citing *Purzel Video GmbH v. St. Pierre*, 10 F. Supp. 3d 1158, 1170 (D. Colo. 2014)). Once such a challenge has been raised at summary judgment by the insurer, the insured bears the burden of demonstrating that she is entitled to benefits. *Id.* (citing *Fid. Nat'l Title Ins. Co. v. Woody Creek Ventures, LLC*, 830 F. 3d 1209, 1212 (10th Cir. 2016)).

## ANALYSIS

**I)    Defendant's Motion to Exclude Expert Testimony [ECF 62]**

*a)    Plaintiff's Expert Disclosure at Issue*

Before reaching the substance, for clarity, the Court first identifies the disclosures at issue. Defendant's Motion first targets "a new conclusory assertion" made by Mr. Stansbury regarding the causation for the engine damage. ECF 62 at p. 3. Defendant later argues that Plaintiff "should not at this late date be allowed to rely on *the November 12, 2024 filing* as a supplemental expert disclosure." *Id.* at p. 6 (emphasis added). The Court therefore will analyze the opinions contained in the Motion to Compel [ECF 58], as supplemented by the report attached to the Motion to Compel [ECF 58-3 at pp. 8-11]. As it relates to any additional opinions found in the prior May 2024 disclosure, the Court finds that Plaintiff has either disavowed them or they suffer from the reliability issues discussed below, thus precluding their admissibility under Fed. R. Evid. 702.

*b)    Sufficiency of the Disclosure Itself – Fed. R. Civ. P. 26(a)(2)(C)*

For multiple reasons, the Plaintiff's subsequent disclosure of expert opinions as part of the Motion to Compel on November 12, 2024, does not meet the minimum requirements of Fed. R. Civ. P. 26(a)(2)(C). First, the disclosure was untimely. The deadline for Plaintiff's disclosure of expert witnesses was August 5, 2024. ECF 32 at p. 11. Plaintiff's disclosure occurred on November 12, 2024, more than three months after the deadline had lapsed. Plaintiff never requested an extension of the disclosure deadline. Although the Court could exclude the opinions for that reason, it is not the timing of the disclosure alone that requires its exclusion.

More problematic than its tardiness, though, is the minimal amount of information that was provided in support of the new opinions. The content of the amended opinion is extremely brief. The entire opinion is comprised of approximately seven lines of text, with two of the lines

dedicated to retracting Mr. Stansbury's prior opinion. The disclosure can fairly be characterized as a "passing reference" to the new opinions that Mr. Stansbury would render, a level deemed insufficient in *Chambers*. Second, instead of issuing a stand-alone disclosure to defense counsel, this disclosure is buried within a Motion to Compel. This is not an effective way to provide opposing counsel with notice of expert opinions to prepare for cross examination.

Third, the disclosure provided no new facts to support the new opinions. *See Vanderlaan*, 2021 WL 4441518, at *7 (at least a "brief account of the principal facts supporting [the expert's] opinions" is required.) (citing *Little Hocking Water Ass'n, Inc. v. E.I. DuPont de Nemours & Co.*, No. 2:09-cv-1081, 2015 WL 1105840, at *9 (S.D. Ohio Mar. 11, 2015)). Instead, as support, Mr. Stansbury provided the same facts that supported a different conclusion, one of vandalism as the cause of the damage. ECF 58-3 at pp. 8-11. He failed to conduct a new evaluation and simply concluded that the cause of the damage was "unintentional (accidental)," "instantaneous (sudden)," and "correlated to the reported incident (direct)." ECF 58 at p. 3.

Mr. Stansbury also concluded, without any additional factual support, that the damage "demonstrates external forces from road debris is the probable cause of the damage." *Id.* at pp. 3-4. This disclosure falls woefully short of Rule 26(a)(2)(C)'s standards. "Rule 26(a)(2)(C) disclosures are meant to define the scope of expert testimony so that an opposing party can be prepared to address the opinions proffered." *Stone v. High Mountain Mining, Co., LLC*, No. 19-cv-1246-WJM-STV, 2022 WL 79861, at *8 (D. Colo. Jan. 7, 2022) (citing *Green Earth Wellness Center v. Atain Specialty Ins. Co.*, No. 13-cv-03452-MSK-NYW, 2016 WL 632051, at *3 (D. Colo. Feb. 17, 2016)). A throwaway reference in the middle of a Motion to Compel is insufficient.

Having determined that Plaintiff failed to satisfy the requirements of Rule 26(a)(2)(C), the Court must now consider the sanction. Fed. R. Civ. P. 37(c) prohibits the use of the opinion unless

"the failure was substantially justified or is harmless." The Court has "broad discretion" in determining whether the violation was justified or harmless. *Hellen v. American Family Insurance Company*, Case No. 22-cv-02717-REB-SBP, 2024 WL 1194048, at *3 (D. Colo. Mar. 7, 2024) (citing *Woodworker's Supply Inc. v. Principal Mutual Life Insurance Co.*, 170 F.3d 985, 993 (10th Cir. 1999)). Since Defendant filed its Motion to Exclude on November 18, 2024, Plaintiff has failed to respond. As a result, the Court has no information to explain or justify Plaintiff's insufficient disclosure. And since such an opinion, hypothetically, could provide a basis to provide coverage in the present case, this Court finds that the disclosure is not harmless. Additionally, allowing Plaintiff to make such a disclosure at this stage in the litigation would cause serious delay. It would require Defendant to respond by seeking opinions in rebuttal and/or change its theory of defense, which would require additional written and/or oral discovery. As a result, the violation was neither justified nor harmless, and exclusion of the disclosure under Rule 37(c) is required.

### c) Substance of the Opinion – Fed. R. Evid. 702

In finding that Plaintiff's expert opinions were not disclosed properly, the Court need not reach Defendant's argument under Fed. R. Evid. 702. However, in case the district court would like to reach the issue, and because it is the primary issue raised by Defendant, the Court addresses it here.

The Court recommends that the subject opinions be excluded as inadmissible under Rule 702. To start, the proponent of the evidence bears the burden of showing admissibility by a preponderance of the evidence. Fed. R. Evid. 702. Plaintiff did not respond to Defendant's Motion to Exclude and made no effort to defend the admissibility of the late submitted opinions. Therefore, based on a failure to meet her burden, Plaintiff's disclosures may be excluded. Second, based on the lack of detail provided in the disclosure itself, there could be no way to conclude that Plaintiff

has met the standard set forth in Rule 702. *See Sprague*, 2025 WL 1712913, at *18. The Court

finds Plaintiff's disclosure lacking in support for Mr. Stansbury's qualifications as well as the

methodology he employed in coming to his conclusions. Third, as argued by Defendant, the

opinions provided are "conclusory and are not the result of reliable principles or methods." ECF

62 at p. 6. Plaintiff inexplicably cites only a photograph of a "damaged oil pan and transmission"

to demonstrate that "external forces from road debris is the probable cause of the damage." ECF

58 at p. 4. No further explanation of methodology is provided. That same fact and photograph,

mentioned in ECF 58-3, also supported Mr. Stansbury's prior conclusion of vandalism.[11] *See*

*Florence v. Valencia County Detention Center*, No. 05-425-WJ/RHS, 2006 WL 8444074, at *2

(D.N.M. Jul. 24, 2006) ("The Court must etermine [sic] whether an expert's opinions are

sufficiently supported by the relied upon facts.") (citing *General Elec. Co. v. Joiner*, 522 U.S. 136

(1997)). "[T]he Court need not admit an expert opinion if there is too great an analytical gap

between the data and the proffered opinion." *Id.* (citing *General Elec. Co*., 522 U.S. at 146).

This Court finds that the analytical gap between the scarce amount of facts/methodology

provided and the ultimate conclusions is much too wide to be admissible. *See id.; see also Midtown*

*Investments, LP v. Auto-Owners Insurance Co*., 641 F. Supp. 3d 1066, 1080 (D. Colo. 2022)

(excluding expert's third, fourth, sixth, and seventh opinions because they were "unreliable based

on the lack of methodology and foundation supporting his opinions."); *Troudt*, 369 F. Supp. 3d at

1140 ("Nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit

opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." (quoting

---

[11] Of note, the same reliability issues that plague Mr. Stansbury's newly disclosed opinions at ECF
58 and ECF 58-3, also would preclude the admissibility of the opinions in the prior iteration of the
report found at ECF 62-2 at p. 4.

*General Elec. Co.*, 522 U.S. at 146)). As a result, this Court recommends all opinions found in

ECF 58, including those found in attachment ECF 58-3, should be excluded.

### IV.    Defendant's Motion for Summary Judgment [ECF 61]

*A)  Claims One and Three*

One way for Defendant to defend against both Claim One (Breach of Contract) and Claim

Three (Statutory Bad Faith) is to demonstrate that Plaintiff's claimed loss falls outside the coverage

of the insurance policy. *Lodge at Mountain Village Owner Association, Inc.*, 591 F. Supp. 3d 1008,

1015 (D. Colo. 2022) (citing *Arkansas Valley Drilling, Inc. v. Cont'l W. Ins. Co.*, 703 F. Supp. 2d

1232, 1238 (D. Colo. 2010)). If Defendant demonstrates sufficient evidence of such, then the

burden falls on Plaintiff to show she is entitled to benefits under an exception. *Id.* (citing *Rodriguez

By & Through Rodriguez v. Safeco Ins. Co. of Am.*, 821 P.2d 849, 853 (Colo. App. 1991)); *Trujillo*,

2019 WL 3996882, at *6 (citation omitted).

Here, Defendant has presented strong evidence that Plaintiff's loss is not covered by the

relevant Policy. First, Defendant presents the terms of the Policy itself. ECF 61 at pp. 3-4. The

Policy states that:

> THERE IS NO COVERAGE FOR: ANY PART OR EQUIPMENT OF A
> COVERED VEHICLE IF THAT PART OR EQUIPMENT: a. FAILS OR IS
> DEFECTIVE; OR b. IS DAMAGED AS A DIRECT RESULT OF: (1) WEAR
> AND TEAR . . . (3) MECHANICAL, ELECTRICAL OR ELECTRONIC
> BREAKDOWN OR MALFUNCTION OF THAT PART OR EQUIPMENT.

*Id.* The explicit terms of the policy exclude defective equipment, mechanical failure, and wear and

tear. *Id.*

Next, based on the information provided by Plaintiff about the vehicle, Defendant retained

an expert witness, Mr. Sean McDonough. ECF 61-4. Mr. McDonough reviewed photos and

statements made by Plaintiff and Mr. Stansbury, as well as the report authored by Mr. Stansbury.

*Id.* at p. 1. Mr. McDonough made multiple observations, among them:

1) The type of vehicle driven by Plaintiff at the time of the explosion, an Acura MDX, could have been low on oil despite routine maintenance. *Id.* at p. 1. Low oil could cause engine failure. *Id.* Engine failure would be accelerated if there were external leaks on the vehicle. *Id.*

2) Mr. Stansbury admitted that the vehicle had an insufficient amount of oil present in the tank to conduct a test of the oil in the engine. To Mr. McDonough, this was "indicative of the engine being run low on oil." *Id.* at p. 2.

3) Photographs provided by Plaintiff demonstrated a "hole located near where the engine and transmission bolt together." *Id.* at p. 2. This hole is confirmed in another photo. *Id.* at p. 6.

4) Nothing about the photographs suggests that vandalism was the cause of the explosion described by Plaintiff. *Id.* at p. 4 & p. 7.

Mr. McDonough concluded that the failure claimed by Plaintiff (vandalism) was not supported by his inspection of photos of the vehicle. *Id.* at p. 7. In fact, he opined "I have seen nothing that substantiates the claim as to why the engine must have failed." *Id.* at p. 8.

By presenting the explicit terms of the insurance policy and the expert opinions of Mr. McDonough, Defendant has provided sufficient factual support, as required under Fed. R. Civ. P. 56(c)(1), to demonstrate that Plaintiff will be unable to prove an essential element of Claims One and Three: insurance coverage. *See Lua v. QBI Insurance Corp.*, 421 F. Supp. 3d 1082, 1090 (D. Colo. Oct. 8, 2019) (internal quotations omitted) (citing *Cyprus Amax Minerals Co. v. Lexington Ins. Co.*, 74 P.3d 294, 301 (Colo. 2003)) ("The insured need only show that the underlying claim may fall within policy coverage; the insurer must prove that it cannot.").

Plaintiff's Response provided no affirmative information to rebut Defendant's factual allegations. ECF 65. The Court has determined that Plaintiff's untimely disclosed expert opinions are inadmissible. Plaintiff attached no exhibits and provided no supplementary information to her

Response. *See id.* Plaintiff also failed to deny any of the factual allegations made by Defendant,

including those relating to the applicable provisions of the insurance policy, with any specificity.[12]

Instead, Plaintiff made blanket objections[13] and conclusory statements.[14] At this stage, Plaintiff

cannot merely object. *See* Fed. R. Civ. P. 56(e)(2);[15] *American Auto Ins. Co.*, 666 F. Supp. 2d at

1212 (citing Fed. R. Civ. P. 56(e)(2)).[16] While Rule 56 does not require either party to attach

supporting affidavits, *Celotex*, 477 U.S. at 323, Plaintiff has to "go beyond the pleadings and set

forth specific facts that would be admissible in evidence in the event of trial from which a rational

trier of fact could find for the nonmovant." *McClaflin v. Sanofi-Aventis U.S. LLC*, 729 F. Supp.3d

1187, 1192 (D. Colo. 2024) (citation omitted). Plaintiff has failed to do that.

By Plaintiff's failure to properly support or address facts as required by Fed. R. Civ. P.

56(e), the Court has several remedies. The Court may "consider the fact undisputed for purposes

of the motion," or "grant summary judgment if the motion and supporting materials-including the

---

[12] Plaintiff objects to Defendant's expert witness, stating that Mr. McDonough's methodology and analysis "does not meet the reliable threshold for experts in either of his reports, lacking a fundamental understanding of causation of damage . . ." ECF 65 at p. 5. This is an attack on the witness' credibility, a specific area not appropriate for summary judgment. *See Schmidt v. International Playthings LLC*, 536 F. Supp. 3d 856, 885 (D.N.M. Apr. 29, 2021) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986)).

[13] "Plaintiffs [sic] disputes and disagrees [sic] with Defendant's Counsels [sic] allegation and assertions in Undisputed Material Facts, Court Doc 61 p. 3 to 6 as a misrepresentation of material fact and omission of material fact." ECF 65 at p. 3.

[14] "Plaintiffs [sic] evidence demonstrates damage is a covered loss by the Defendant's definitions." *Id.*

[15] Plaintiff's failure to respond to Defendants Undisputed Statement of Facts also violated District Judge Crews' "Standing Order" regarding Motions for Summary Judgment, as discussed above.

[16] In *American Auto Ins. Co.*, Chief Judge Brimmer granted summary judgment against a group of defendants who "simply did not respond to [plaintiff's] statement of undisputed facts." 666 F. Supp. 2d at 1212 & 1218. The defendants' request to supplement the response to summary judgment also was denied. *Id.* at 1218.

facts considered undisputed-show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2)-(3). This Court recommends both considering the facts undisputed for purposes of Defendant's Rule 56 Motion and entering judgment in Defendant's favor.

As the Court sees it, Defendant filed its Motion for Summary Judgment [ECF 61], providing evidence sufficient to demonstrate that the damage to Plaintiff's vehicle was not covered by the insurance policy. When damage is not covered by the policy, claims for breach of contract and bad faith cannot survive. Plaintiff had a golden opportunity to present evidence to this Court to demonstrate a genuine issue of material fact. Plaintiff, in response, provided no evidence, instead relying on improper objections and conclusions. But the Plaintiff has an affirmative burden at this stage to support her allegations with evidence and may not simply rely on objections. Since no affirmative evidence to demonstrate that a genuine issue of material fact has been provided by Plaintiff, under Fed. R. Civ. P. 56(e), the Court considers the Defendant's facts as true and finds that summary judgment is appropriate as to Claims One and Three.

### B) Claim Two (Negligence)

Plaintiff's claim of negligence against Defendant, her own insurance company, rests on whether Defendant owed a legal duty to Plaintiff, other than the duty to comply with the contract. The simple answer is that, in this case, no such duty existed.

A negligence claim requires that the Defendant owed a duty to Plaintiff. Such claims must fail if there are no circumstances that establish that Defendant had a duty of care toward Plaintiff sufficient to establish a claim of negligence. *Richardson v. Amica Mutual Insurance Co*., 693 F. Supp. 3d 1182, 1186 (D. Colo. 2023) (citing *University of Denver v. Whitlock*, 744 P.2d 54, 56 (Colo. 1987) (en banc)). In the insurance context, absent some form of "special relationship" between an insurer and insured, no legal duty exists between insurance companies and their

insureds beyond the contractual obligations between the parties. *Id.* at pp. 1186-87. For example, insurance companies "do[] not have a common law duty to ensure complete protection to the policyholder . . ." *Id.* (quoting *Apodaca v. Allstate Ins. Co.*, 232 P.3d 253, 259 (Colo. App. 2009)). "Whether a special relationship has been formed turns on whether there is 'entrustment,' that is, whether the agent or broker assumes additional responsibility beyond those which attach to an ordinary, reasonable agent possessing normal competencies and skills." *Kaercher v. Sater*, 155 P.3d 437, 441 (Colo. App. 2006) (citations omitted).

Here, Plaintiff fails to allege that any such duty of care existed between Defendant and Plaintiff that could provide the basis for a negligence claim. The Parties formed a contract, and the only mutual duty was to perform the terms of the contract. Plaintiff has provided no information to suggest that any special circumstances existed such that Defendant owed Plaintiff some additional duty of care. As a result, without any evidence from Plaintiff to the contrary, Defendant's only duty was a contractual one, already discussed above as part of Claim One, so Plaintiff's claim of negligence must fail under Fed. R. Civ. P. 56(e). *Pietrowski*, 134 F. 3d at 1009 (summary judgment may be granted when plaintiff fails to present any information to rebut defendant's argument relating to one or more elements of the plaintiff's claims).

### C) Claim Four (Colorado Consumer Protection Act)

Defendant challenges Plaintiff's fourth claim for "Breach of Duty of Accurate Record and Report" under the Colorado Consumer Protection Act (CCPA), arguing that Plaintiff has not "identified any 'unfair or deceptive trade practice,' that allegedly occurred." ECF 61 at p. 12. To prove a claim under the CCPA, "a plaintiff must show: (1) the defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of defendant's business, vocation or occupation; (3) that it significantly impacts the public as actual or potential

consumers of the defendant's goods, services, or property; (4) that the plaintiff suffered the injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury." *HealthONE of Denver, Inc. v. UnitedHealth Grp. Inc.*, 805 F. Supp. 2d 1115, 1120 (D. Colo. 2011) (quoting *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146-47 (Colo. 2003)) (quotations omitted).

The Court cannot identify even the beginnings of a claim by Plaintiff under the CCPA. Plaintiff's Complaint failed to set forth the elements of a claim or any facts in support. ECF 5 at p. 5. And after Defendant's Motion for Summary Judgment alerted Plaintiff to a legal challenge to the claim, Plaintiff failed to respond with any factual or legal support. The failure to provide any evidence in support of a claim by non-movant will support a finding in favor of the movant for purposes of summary judgment. *See* Fed. R. Civ. P. 56(e); *Pietrowski*, 134 F. 3d at 1009. Defendant's Motion for Summary Judgment should also be granted as to Plaintiff's Claim Four under the CCPA.

**V.      Plaintiff's Motion to Compel Defendant to Pay for Claims [ECF 58]**

Plaintiff brought a Motion to Compel to force Defendant to pay out on the claim submitted regarding property damage to her 2016 Acura MDX. ECF 58. In doing so, Plaintiff failed to state any basis, legally or factually, for the Court to grant such relief. While defense counsel responded to the Motion as if it were pursuant to Fed. R. Civ. P. 56, the Court declines to do the same. Although a pro se litigant's pleadings are to be construed liberally, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), Plaintiff failed to comply with either Fed. R. Civ. P. 56 or District Judge Crews' Standing Order regarding Motions for Summary Judgment. "[A] pro se litigant must follow the same rules of procedure that govern other litigants, and the Court does not supply additional factual allegations to round out a complaint or construct legal theories on behalf of a pro se

litigant." *Clark v. Weiser*, No. 23-cv-03283-SKC-SBP, 2025 WL 830473, at *1 (D. Colo. Mar. 17, 2025) (citing *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009)). Moreover, Plaintiff's Motion does not cite to Fed. R. Civ. P. 56 but vaguely states that "Defendant did not have grounds to file a Summary Judgment." ECF 58 at p. 4. The Motion only generally reiterates arguments raised in other filings, repeatedly directs the Court to refer to the Scheduling Order, and is not argued pursuant to the framework of Rule 56. *See id.* The Motion also urges the Court to compel Defendant to pay for the claim, *see id.* at p. 5, which the Court considers a distinct request from seeking judgment in her favor, or the damages sought in the Complaint. *See* Complaint, ECF 5 ¶ 49 ("Plaintiff[] request[s] and demand[s] judgment against Defendant State Farm Mutual Insurance Company, in the amount of $72,000" plus interest.). As a result, the Court will construe Plaintiff's Motion to Compel as the plain language of the title demands: as a Motion to Compel under Fed. R. Civ. P. 37.

However, Plaintiff's Motion does not fall in any of the established methods of moving to compel. *See* Fed. R. Civ. P. 37 (a)(3). Plaintiff's request is not to compel disclosure (Rule 37(a)(3)(A)), compel a discovery response (Rule 37(a)(3)(B)), or related to a deposition (Rule 37(a)(3)(C)). Nor does the Motion allege any of the other reasons stated in Rule 37 that would support the Court compelling Defendant to pay the claim.

As a result, Rule 37 does not provide the relief requested in Plaintiff's Motion to Compel Defendant to Pay for Claims [ECF 58], so the Court recommends that it be denied.

## **CONCLUSION**

Accordingly, the Court respectfully recommends[17] as follows:

---

[17] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings

1) Defendant's Motion for Summary Judgment [ECF 61] be **granted in full** and that summary judgment be entered in Defendant's favor as to all of Plaintiff's claims.

2) Defendant's Motion to Exclude or Limit Certain Opinions of Dean Stansbury Pursuant to Fed. R. Evid. 702 [ECF 62] be **granted** and that the opinions of Mr. Stansbury disclosed on November 12, 2024 (both in the body of the Motion to Compel [ECF 58] and the attachment [ECF 58-3 at pp. 8-11]) should be excluded.

3) Plaintiff's Motion to Compel Defendant to Pay for Claim [ECF 58] be **denied**.

Because no claims remain, this Court further recommends that this case be closed and all other motions be denied as moot.

DATED at Denver, Colorado, this 24th day of July, 2025.

BY THE COURT:

_____
Timothy P. O'Hara
United States Magistrate Judge

---

or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).