IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-02921-SKC-TPO

KRISTA STANSBURY,

    Plaintiff,

v.

STATE FARM MUTUAL AUTO INSURANCE CO.,

    Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION (DKT. 93)

Now before the Court is the Recommendation of Magistrate Judge Timothy P. O'Hara. The Recommendation suggests the undersigned grant Defendant's Motion for Summary Judgment (MSJ) (Dkt. 61), grant Defendant's Motion to Exclude or Limit Certain Opinions of Dean Stansbury Pursuant to Fed. R. Evid. 702 (Motion to Exclude) (Dkt. 62), and deny Plaintiff's Motion to Compel Defendant to Pay for Claim (Motion to Compel) (Dkt. 58). Dkt. 93, pp.24-25. The Recommendation further suggests the undersigned deny as moot all other pending motions and close this case. *Id.* at p.25. As explained below, because the Court has satisfied itself that there is no clear error on the face of the record, the Court AFFIRMS and ADOPTS the Recommendation.

1

## BACKGROUND

This action centers around a dispute between Plaintiff and her automobile insurance carrier over damage to Plaintiff's vehicle. *Id.* at p.1-2. At its start, Plaintiff's father, Dean Stansbury, joined Plaintiff in this action. *Id.* at p.2. But this Court granted Defendant's earlier partial motion for summary judgment against him and dismissed him from the case. *Id.* at pp.2-3.

Relevant now, Defendant brought its Motion to Exclude (Dkt. 62) seeking to exclude or limit the expert witness opinions of Dean Stansbury. *Id.* at p.3. Defendant argues the opinions were disclosed too late and are not based upon reliable principles and methods. *Id.* at pp.4-5. Notably, Plaintiff failed to respond to the Motion to Exclude. *Id.* at p.5.

Defendant also filed its MSJ seeking judgment on all of Plaintiff's claims. *Id.* at p.5. Defendant argued Plaintiff's breach of contract and statutory bad faith claims fail because Plaintiff "cannot prove that the subject vehicle was damaged by a covered loss." *Id.* (quoting Dkt. 61 (MSJ), p.2). It contends Plaintiff's negligence claim faulters because, as Plaintiff's insurer, Defendant's only duties to Plaintiff were contractual. *Id.* And it argues Plaintiff failed to produce any evidence of an unfair or deceptive trade practice that caused her injury, thus negating her Colorado Consumer Protection Act (CCPA) claim. *Id.* at pp.5-6. Although Plaintiff responded to the MSJ, she did not direct the Court to any specific facts (or even comply with this Court's

2

Standing Order for Civil Cases), and instead made only "general objections and conclusory disputes." *Id.* at p.6.

Concerning Plaintiff's Motion to Compel, Plaintiff failed to "identify an applicable procedural rule or cite any case law to support the motion, only generally concluding, after listing each claim, that 'all legal requirements of F. R. Civ. P. have been met.'" *Id.* at p.7 (quoting Dkt. 58 (Motion to Compel), p.5). Defendant responded and construed the Motion to Compel as a motion for summary judgment. *Id.* at p.8.

## FINDINGS AND ORDERS

The Recommendation advised the parties they had 14 days after service of the Recommendation to serve and file specific written objections to the Recommendation for this Court's consideration, citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). No party filed objections. As a result, they have waived *de novo* review of the Recommendations by this Court. *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

When no party files objections, the district court may review a magistrate judge's recommendation under any standard it deems fit. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas,* 474 U.S. at 150 ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court, therefore, reviews the Recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), 1983 Advisory Committee Notes. This standard of review is something less than a "clearly

3

erroneous or contrary to law" standard of review, which in turn is less than a *de novo* review. *See* Fed. R. Civ. P. 72(a) and (b).

The Recommendation is detailed and thorough and contains no clear error on the face of the record. And it correctly applies the law. In it, Judge O'Hara recommends this Court grant Defendant's Motion to Exclude (Dkt. 62), grant Defendant's MSJ (Dkt. 61), and deny Plaintiff's Motion to Compel (Dkt. 58). He first finds that Plaintiff's father's November 21, 2024, expert opinions supplant his earlier opinions. Dkt. 93, p.14. Then, analyzing the later operative opinions, Judge O'Hara correctly finds they do not meet the minimum requirements of Fed. R. Civ. P. 26(a)(2)(C). *Id.* The opinions are late, too cursory, and fail to provide any new facts to support the new opinions. *Id.* at pp.14-16. He further finds the opinions are inadmissible under Fed. R. Evid. 702. *Id.* at pp.16-18. Judge O'Hara thus recommends the Motion to Exclude be granted, and Plaintiff's expert opinions be excluded. *Id.* at p.18.

Regarding Defendant's MSJ, Judge O'Hara also recommends the undersigned grant it. He finds, "Defendant has presented strong evidence that Plaintiff's loss is not covered by the relevant Policy," and Plaintiff ultimately failed to direct the Court to any admissible evidence controverting Defendant's evidence. *Id.* at pp.18-21. Thus, Plaintiff's claims for breach of contract and statutory bad faith fail. Similarly, her negligence claim fails because Plaintiff cannot establish any duty of care owed to her by Defendant. *Id.* at pp.21-22. And her CCPA claim fails because Judge O'Hara

4

"cannot identify even the beginnings of a claim by Plaintiff under the CCPA." *Id.* at pp.22-23.

Plaintiff's Motion to Compel also fails. While Defendant construed it as a motion for summary judgment, Judge O'Hara appropriately analyzed it as Plaintiff presented it—a motion to compel. *Id.* at pp.23-24. He did this while correctly noting that a *pro se* party's pleadings are to be construed liberally but also that a "pro se litigant must follow the same rules of procedure that govern other litigants, and the Court does not supply additional factual allegations to round out a complaint or construct legal theories on behalf of a pro se litigant." *Id.* at p.23 (quoting *Clark v. Weiser*, No. 23-cv-03283-SKC-SBP, 2025 WL 830473, at *1 (D. Colo. Mar. 17, 2025)). And analyzing the Motion to Compel under Fed. R. Civ. P. 37, Judge O'Hara explains the Motion fails. *Id.* at p.24.

As mentioned, this Court has reviewed the Recommendation and the entire record in this case and finds the Recommendation is well-reasoned and a correct application of the facts and the law to the circumstances presented. In the absence of any objections by any party, and finding "no clear error on the face of the record," this Court AFFIRMS and ADOPTS the Recommendation. The Court ORDERS:

1. Defendant's Motion to Exclude (Dkt. 62) is GRANTED, and the opinions of Dean Stansbury disclosed on November 12, 2024, are excluded;
2. Defendant's MSJ (Dkt. 61) is GRANTED;
3. Plaintiff's Motion to Compel (Dkt. 58) is DENIED;

5

4. All remaining motions (Dkts. 79, 82, and 89) are DENIED AS MOOT; and

5. Judgment shall be entered in favor of Defendant, who is entitled to an award of costs as may be determined by the Clerk of Court. Fed. R. Civ. P. 54(d).

DATED: August 19, 2025.

BY THE COURT:

_____
S. Kato Crews
United States District Judge